UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
DEC 3  10 35 AM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

| | |
|---|---|
| ROLAND COCKFIELD, | |
| Plaintiff, | CIVIL ACTION NO. 3:00CV00564 (JBA) |
| V. | |
| UNITED TECHNOLOGIES CORP., PRATT & WHITNEY DIVISION | |
| Defendant. | December 2, 2003 |

### PLAINTIFF'S MOTION IN LIMINE

Plaintiff objects to the here cited documents offered by the defendant in the Joint Trail Memorandum offered by the parties on December 3, 2003.

The plaintiff objects on the grounds of relevance pursuant to Fed.R.Civ.P. 402. The defendant terminated the Plaintiff allegedly on the bases of thief of food from the cafeteria. There is no dispute that there was, in fact, no thief of any property of the defendant's or anyone else. Hence the central relevant issues are (1) what was the relevant policy in place in June of 1991 and (2) was there any violation of that policy which was sufficient to provide rational bases for terminating the plaintiff. The only relevant policy document set forth by the defendant is presented in Exhibit 3. (Pratt & Whitney's Statement of Policy Governing Conflicts of Interest date 12/10/90)  The plaintiff challenges the relevance of the remaining Publication of Pratt, i.e., Defendant's Exhibits 1,2, and 4 through 7, since there is no indication that these document have any bearing on any ultimate issue in the case during the relevant time

frame. Defendant's Exhibits 2 and 3 are irrelevant since there is no indication that these Exhibits were even directed to the Plaintiff, applied to the Plaintiff or that the plaintiff was informed about the content of these exhibits. (See attachment, Defendant's List of Exhibits)

The Plaintiff objects Defendants 23 through 43 on the bases of relevance. None of these documents bear any relevance's to the issues presented. Further, these documents relate performance matters back to as far as 1966. Not only are these exhibit irrelevant under Fed.R.Civ.P Rule 403, they are excludable under Fed.R.Civ.P. Rule 802, as hearsay. This is particular true since the defendant is not alleging that it applied a progressive discipline policy.

The Plaintiff further objects Exhibits 10, 11, 13, 14, 18, and 19 as hearsay, under Fed.R.Civ.P. Rule 802, as hearsay. The statements comprising Exhibits 10 through 14, 18 and 19 are hearsay statement and there is not indication that they are being offered for any other reason.

THE PLAINTIFF,

By: _____
Charles G. Parks, Jr.
PARKS & ASSOCIATES
800 Summer St. STE 509
Stamford, CT 06901-2134
(203) 359-3860
(203) 323-7398 - facsimile

**Defendant's List of Exhibits:**

1. Pratt & Whitney's Plant Protection Manual.

2. Anonymous letter (1 page).

3. Statement of W.J. Phelps dated 6/27/91 (1 page).

4. Internal Security Report dated 7/1/91 (2 pages).

5. Statement of William Schiffert dated 6/27/91.

    a. Handwritten Statement (5 pages).

    b. Typed Statement (2 pages).

6. Plaintiff's Statement dated 6/26/91.

    a. Handwritten Statement (4 pages).

    b. Typed Statement (2 pages).

7. Statement of Edith Wiknik dated 6/26/91.

    a. Handwritten Statement (4 pages).

    b. Typed Statement (2 pages).

8. Plaintiff's pink slip issued 7/1/91 (1 page).

9. Termination letter dated 7/22/91 (1 page).

10. Employee Classification Record of Roland Cockfield (2 pages).

11. Salaried Description for Senior Plant Protection Officer (1 page).

12. Key Job Requirements for Senior Plant Protection Officer (1 page).

13. Plaintiff's discipline file:

    (a)    12/13/66 Discipline (1 page).

    (b)    3/20/69 Discipline (1 page).

    (c)    3/12/74 Suspension for breaking company rules (1 page).

    (d)    6/18/75 Suspension (1 page).

 (e) 1/13/76 Suspension (1 page).

 (f) 1/22/76 Discipline (1 page).

 (g) 2/5/76 Memo re: Roland Cockfield (2 pages).

 (h) 2/5/76 Memo re: Roland Cockfield (1 page).

 (i) 12/12/77 Memo re: complaints re: Roland Cockfield (1 page).

 (j) 1/16/86 Memo from L. Barrett to F. Jones re: P misusing company time (1 page).

 (k) 1/17/86 letter from Mr. Spiwak (job applicant) re: encounter with Plaintiff (1 page).

 (l) 1/23/86 Memo re: complaints for job performance (1 page).

 (m) 8/10/87 Memo re: unsafe driving (1 page).

 (n) 9/14/87 Reprimand for hazardous driving (1 page).

 (o) 11/16/87 Final Warning re: unsatisfactory job performance; aggressive behavior (1 page).

 (p) 9/22/88 Complaint re: Plaintiff (1 page).

 (q) 11/16/88 Review re: poor public relations; no outside contact (1 page).

14. 3/7/86 Employee Performance Appraisal (1 page).

15. 7/15/86 Employee Performance Appraisal (1 page).

16. 3/12/87 Employee Performance Appraisal (1 page).

17. 3/9/88 Employee Performance Appraisal (1 page).

18. Plaintiff's letter to CHRO dated 9/28/92 (1 page).

19. Plaintiff's statement to CHRO investigator dated 9/14/92 (3 pages).

20. Pratt & Whitney's Policy Guide on Conflicts of Interest issued 1/9/76 and revised 5/15/86 (2 pages).

21. Pratt & Whitney's Statement of Policy Governing Conflicts of Interest dated 12/10/90 (2 pages).

22. Pratt & Whitney's Memorandum re: Policy Governing Conflicts of Interest dated 12/10/90 (5 pages).

23. Pratt & Whitney's Policy Guide on Discipline issued 1/9/76 and revised 5/15/86 (1 page).

24. Pratt & Whitney's Policy Guide on General Rules of Conduct issued 1/9/76 and revised 6/20/89 (5 pages).

25. Pratt & Whitney's Policy Guide on Legal and Ethical Conduct issued 1/20/87 and revised 2/15/89 (2 pages).

26. United Technologies letter to suppliers re: gifts dated 11/19/90 (1 page).

27. Pratt & Whitney notice re: business gifts dated 11/27/90 (1 page).

## CERTIFICATION

This is to certify that a copy of the **PLAINTIFF MOTION IN LIMINE** has been sent via U.S. Mail this December 2, 2003 to counsel of record listed below:

Daniel Schwartz
Day, Barry & Howard
One CityPlace
Hartford, CT 06103-3499
United States of America

Charles G. Parks, Jr.