UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROLAND COCKFIELD, | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | |
| VS. | : | |
| | : | 3:00 CV 564 (JBA) |
| UNITED TECHNOLOGIES CORP., | : | |
| PRATT & WHITNEY DIVISION | : | |
| | : | |
| Defendant. | : | DECEMBER 3, 2003 |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE TESTIMONY BY SHEILA WIKNIK

**I. INTRODUCTION**

The defendant, United Technologies Corp., Pratt & Whitney Division ("Pratt"), respectfully submits this Memorandum of Law in Support of its Motion In Limine to exclude testimony by Sheila Wiknik.

**II. FACTS**

Although this court is well-versed on the factual background of this matter, Defendant reiterates some key facts for the court's convenience. In June 1991, Fred Jones, Plaintiff's supervisor, received an anonymous letter complaining of misconduct by Plaintiff. The letter complained that Plaintiff was "stealing food from the cafeteria here in Building 10..." On June 17, 1991, Mr. Jones contacted Robert Begley, the supervisor of Pratt & Whitney's Internal Security Department requesting that the department investigate the allegations. On June 26, 1991, at approximately 10:55 am, two internal security officers conducted surveillance of the cashier line

at the Building 10 cafeteria. At the time the cafeteria was staffed by Edith Wiknik, a cashier and employee of ARA Services, an outside supplier providing food services to Pratt. At that time the officers observed Plaintiff place "a large hotdog and roll and a beverage on a tray." Plaintiff then proceeded to Ms. Wiknik's checkout line and handed her a five dollar bill. The investigators then observed Ms. Wiknik take the five dollar bill and pull out five one dollar bills from the register. She then "counted the (5) ones and handed them to" Plaintiff. After finishing his lunch Plaintiff then left the building through the kitchen. Pratt's investigators did not observe Plaintiff paying for lunch at any time.

On June 26, 1991, during a meeting with Mr. Jones, Plaintiff was suspended indefinitely pending further review of the situation. During this meeting Plaintiff stated that he knew what he did was wrong and stated that he understood the severity of the situation. After finishing a review of the investigation materials, Mr. Jones decided to terminate Plaintiff for violation of company policies. Mr. Jones notified Plaintiff of his termination by telephone on June 28, 1991. That decision was later confirmed in a letter to Plaintiff. At the time of termination, Mr. Jones was not aware that other Pratt employees allegedly received free meals from the cafeteria.

In support of his claims of discrimination, Plaintiff may introduce evidence of Edith Wiknik's medical condition, specifically that she was suffering from liver cancer at the time of Plaintiff's termination, through the testimony of Sheila Wiknik. Pratt believes that Plaintiff is offering this evidence to show that Edith Wiknik was not charging Plaintiff for his food out of gratitude only and garner sympathy for the Plaintiff and Edith Wiknik. Such evidence is irrelevant to the matters to be tried, because the medical condition of Edith Wiknik or her motivation for

allowing Plaintiff to take food without paying for it has no bearing whatsoever on Pratt's state of mind, which is the ultimate issue in this case. In the alternative, such evidence should be as cumulative and a waste of the court's time and resources. See Fed. R. Evid. 402, 403.

### III. ARGUMENT

#### A. Sheila Wiknik should be precluded from testifying as to Edith Wiknik's medical condition as it is not relevant.

Sheila Wiknik should be precluded from testifying at trial as any evidence she has to offer is not relevant because it has no bearing on the ultimate issuing being litigated. See Fed. R. Evid. 401, 402. The ultimate issue in this case is whether Pratt intentionally discriminated against Mr. Cockfield when it terminated his employment in 1991. Edith Wiknik's medical condition and her motivation for allowing Plaintiff to take food without paying for it are of no relevance to these proceedings. Accordingly, her testimony should be excluded by the court as irrelevant.

#### B. Sheila Wiknik's testimony should be excluded as cumulative.

Even if Edith Wiknik's medical condition and motivation are relevant to these proceedings, which Pratt denies, testimony from Sheila Wiknik regarding Edith Wiknik's medical condition would be cumulative and should be excluded. The parties have already stipulated to Edith Wiknik's death and additional details surrounding her illness are designed only to garner sympathy with this Court.

Plaintiff has indicated that he intends to introduce a statement made by Edith Wiknik on June 26, 1991 as part of Pratt & Whitney's invesitgation into allegations of theft. In that statement,

-3-

she states that she was suffering from liver cancer. Pratt similarly intends to introduce this statement. Therefore, because both parties consent to the introduction of Edith Wiknik's June 26, 1991 statement, oral testimony by Sheila Wiknik regarding Edith Wiknik's medical condition would be cumulative and a waste of the court's time and resources. See Fed. R. Evid. 403.

## IV.  CONCLUSION

For the foregoing reasons, Pratt respectfully requests this Court to grant its Motion in Limine to exclude testimony by Sheila Wiknik.

DEFENDANT, UNITED TECHNOLOGIES
CORP., PRATT & WHITNEY DIVISION

By _____
Albert Zakarian (ct04201)
Daniel A. Schwartz (ct 15823)
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103-3499
(860) 275-0100
(860) 273-0343 (fax)
daschwartz@dbh.com
Its Attorneys

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing Memorandum in Support of its Motion in Limine to preclude testimony by Sheila Wiknik was sent via first-class mail, postage prepaid, on this date to:

Charles G. Parks, Jr., Esq.
Parks & Associates
160 Forest Street
Stamford, CT 06901

Daniel A. Schwartz

-5-