UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROLAND COCKFIELD, | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| VS. | : | |
| | : | 3:00 CV 564 (JBA) |
| UNITED TECHNOLOGIES CORP., PRATT & WHITNEY DIVISION | : | |
| Defendant. | : | DECEMBER 3, 2003 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION IN LIMINE TO EXCLUDE EDITH WIKNIK'S PURPORTED WRITTEN
STATEMENT DATED MAY 12, 1992**

**I.    INTRODUCTION**

The defendant, United Technologies Corp., Pratt & Whitney Division ("Pratt"), respectfully submits this Memorandum of Law in Support of its Motion In Limine to exclude testimony and evidence regarding a written statement purportedly made by Edith Wiknik on May 12, 1992.

**II.   FACTS**

Defendant incorporates its factual statement from the additional motion in limine filed concurrently with this motion. In support of his claims of discrimination, Plaintiff seeks to introduce evidence of a statement purportedly written by former ARA cashier Edith Wiknik on May 12, 1992. The statement appears to have been provided to the Connecticut Commission on Human Rights and Opportunities during the course of their investigation into the initial complaints

of discrimination by the Plaintiff. Such evidence should be excluded because it is hearsay and there is no exception for the admission of this statement. See Fed. R. Evid. 802. Further, such evidence is irrelevant to the matters to be tried, because Ms. Wiknik's second statement was written nearly one year after Plaintiff's termination and could have had no bearing whatsoever on Pratt's state of mind, which is the ultimate issue in this case. See Fed. R. Evid. 402.

### III. ARGUMENT

#### A. Edith Wiknik's written statement dated May 12, 1992 should be excluded as hearsay.

Plaintiff should be precluded from offering Edith Wiknik's written statement dated May 12, 1992 because it is inadmissible hearsay. See Fed. R. Evid. 802. Pratt & Whitney believes that Plaintiff intends to offer this out of court statement for the truth of the matters asserted therein. Specifically, Pratt & Whitney anticipates that Plaintiff will use this exhibit to prove that (1) Ms. Wiknik had permission from her boss to give people free meals for helping her and (2) Plaintiff only received free meals from Ms. Wiknik for approximately 8 months and not 18 months as she originally admitted in her written statement to Pratt & Whitney. This type of testimony is classic hearsay.

There is no hearsay exception that would support its admission into evidence. While Ms. Wiknik is unavailable, as she is deceased, her statement does not satisfy any of the hearsay exceptions set forth in the Federal Rules of Evidence. See Fed. R. Evid. 802, 803, 804. Accordingly, because there is no exception to the hearsay rule, and because this evidence is being

offered for the truth of the matters asserted, the statement should be excluded. While Plaintiff appears to assert the admissibility of this statement through the residual exception, see Fed. R. Evid. 807, the residual exception does not apply in this situation. The residual hearsay exception is applied only in the rarest of cases. U.S. v. Harwood, 998 F.2d 91, 98 (2d Cir. 1993) cited in Silverstein v. Chase, 260 F.3d 142, 149 (2d Cir. 2001).

The residual exception to the hearsay rule provides that a statement not otherwise excepted from the hearsay rule is nonetheless not excluded by the hearsay rule if it has equivalent circumstantial guarantees of trustworthiness. First, Ms. Wiknik's allegedly written statement does not have any guarantees of trustworthiness. In fact, there is no evidence that Ms. Wiknik even wrote this statement. At most, because the statement was submitted to the CHRO, the statement appears to be written at the request of the Plaintiff. Indeed, if the allegations in Ms. Wiknik's statement were true, for example that she had permission to give free meals, she would have been motivated to make these same statements at the time she and Plaintiff were investigated. Because this statement is wholly self-serving for Plaintiff and is untrustworthy, it should not be admitted into evidence through the residual exception. See U.S. v. Garcia Abreu, 342 F.3d 183, 190 (2d Cir. 2003) (statements offered under the residual exception were excluded because they were self-serving and there were no corroborative circumstances or proof in the record to indicate their trustworthiness).

In addition to being trustworthy, the statement must also be offered for evidence of a material fact, which it is not. See Fed. R. Evid 807. In this case the focus is on Pratt & Whitney's motivation or intent in terminating Plaintiff. Whether Ms. Wiknik had permission to give free meals to people is not material for several reasons. First, her authority to give free meals has no bearing on Pratt & Whitney's motivation. Second, even if her authority were somehow material, which it is not, this fact was not disclosed to Pratt & Whitney during its investigation and before Plaintiff was terminated. Rather, Ms. Wiknik supposedly asserted her authority nearly one year after Plaintiff's termination. Because this statement could have had no bearing on Pratt & Whitney's motivation one year after the employment decision, it cannot be material.

Further, to be admissible under the residual exception, the statement would have to be more probative on the point for which it is offered than any other evidence that Plaintiff can procure. See Fed. R. Evid. 807. For the same reasons that this statement is not material, it is also not the most probative evidence on the point for which it is offered. Ultimately, Plaintiff is offering this statement to prove that Plaintiff did not do anything wrong because Ms. Wiknik had permission to give free meals. However, the most probative evidence on this point is the evidence that Pratt & Whitney had before it when making the decision to terminate Plaintiff. That evidence consisted of Ms. Wiknik's June 26, 2001 statement to investigators and not this later statement written on Plaintiff's behalf. Accordingly, this statement is not the most probative evidence as to Pratt & Whitney's knowledge and motivation and should not be admitted under the residual exception.

Finally, to admit this statement into evidence, the court would have to find that the general purposes of the Rules of Evidence and the interests of justice will be served by admitting this statement. See Fed. R. Evid. 807. The purposes of the rules and interests of justice would not be served by admitting this evidence. It has no bearing on the ultimate issue in this case and has no guarantees of trustworthiness because it is a self-serving statement for Plaintiff that was first created one year after the employment decision.[1]

### B. Ms. Wiknik's written statement dated May 12, 1992 should be excluded as it is not relevant.

Plaintiff should be precluded from offering testimony or evidence at trial regarding the statement purportedly written by Ms. Wiknik's on May 12, 1992 or any of the allegations asserted therein because any such evidence is not relevant in that it has no bearing on the ultimate issuing being litigated. See Fed. R. Evid. 402. The ultimate issue in this case is whether Pratt intentionally discriminated against Mr. Cockfield when it terminated his employment in 1991. Facts that Pratt & Whitney did not know at the time it made the decision to terminate Plaintiff could not have influenced or motivated its decision. The time period prior to Plaintiff's

---

[1] Even if Plaintiff could somehow overcome the hearsay hurdle for this statement, Ms. Wiknik's assertion that "[her] boss told [her] if anybody helped [her she] could give them something for free" constitutes double hearsay and Plaintiff would have to find an exception through which to bring in Ms. Wiknik's supervisor's statement to Ms. Wiknik, which he cannot do. See Fed. R. Evid. 802, 805. Accordingly, while this court should exclude the entire statement as hearsay, at a minimum the court should strike Ms. Wiknik's supervisor's statement to her.

termination is the only relevant time period for analyzing the company's actions. Accordingly, her testimony should be excluded by the court as irrelevant.

## IV. CONCLUSION

For the foregoing reasons, Pratt respectfully requests this Court to grant its Motion in Limine to Motion to exclude testimony or evidence regarding Edith Wiknik's purported written statement dated May 12, 1992.

DEFENDANT, UNITED TECHNOLOGIES
CORP., PRATT & WHITNEY DIVISION

By _____
Albert Zakarian (ct04201)
Daniel A. Schwartz (ct 15823)
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103
(860) 275-0100
(860) 273-0343 (fax)
*daschwartz@dbh.com*
Its Attorneys

## CERTIFICATE OF SERVICE

      THIS IS TO CERTIFY that a copy of the foregoing Memorandum in Support of its Motion in Limine to preclude testimony or evidence regarding Edith Wiknik's purported written statement dated May 12, 1992 was sent via first-class mail, postage prepaid, on this date to:

Charles G. Parks, Jr., Esq.
Parks & Associates
160 Forest Street
Stamford, CT 06901

                                                   Daniel A. Schwartz