UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


FILED
DEC 11 ...03
U.S. DISTRICT COURT
NEW HAVEN, CONN
ORIGINAL

| | | |
|---|---|---|
| ROLAND COCKFIELD, | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| VS. | : | |
| | : | 3:00 CV 564 (JBA) |
| UNITED TECHNOLOGIES CORP., PRATT & WHITNEY DIVISION | : | |
| Defendant. | : | DECEMBER 10, 2003 |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE

### I.   INTRODUCTION

The defendant, United Technologies Corp., Pratt & Whitney Division ("Pratt"), respectfully submits this brief in Opposition to Plaintiff's Motion in Limine. In support of his Motion in Limine, Plaintiff requests the exclusion of various documents proffered by the Defendant. One set of documents (Exhibits 20-27) concerns policies in place at Pratt & Whitney, while the other set (Exhibits 13-17) concerns the performance and discipline history of the Plaintiff. Each of these sets of documents is admissible because all of the documents he seeks to exclude are relevant and fall within recognized exceptions to the hearsay rule. *See* Fed. R. Evid. 402, 803. Accordingly, Pratt requests that Plaintiff's Motion in Limine be denied. In the alternative, Pratt requests that the court reserve its ruling to trial so that the relevance of such documents can be established at that time.

## II.     FACTS

Defendant incorporates its factual statement from its motions in limine filed on December 3, 2003. On December 2, 2003, Plaintiff filed a Motion in Limine seeking to exclude many of Pratt's anticipated trial exhibits. Specifically, Plaintiff seeks to exclude all of Pratt's Policies other than the Policy Governing Conflicts of Interest dated December 10, 1990 (Pratt's exhibit 22) on the basis that they are not relevant. Further, Plaintiff seeks to exclude documents from Plaintiff's personnel file regarding his prior discipline record and performance appraisals (Pratt's exhibits 13 through 17) on the basis that they are not relevant and are inadmissible hearsay. Each of these arguments is without merit.

## III.    ARGUMENT

In support of his claim of race discrimination, Plaintiff intends to offer what he deems to be Pratt's relevant Policy on Conflicts of Interest dated December 10, 1990. He claims that this document excuses his actions and demonstrates that Pratt's reason for his termination is false. However, this document is only a memorandum which accompanied Pratt's actual Policy on Conflicts of Interest, and not the actual policy, and it was intended only to explain the new policy that went into effect as of December 10, 1990. Thus, to the extent that Plaintiff intends to offer a memorandum on Pratt's policies, Pratt is entitled to introduce exhibit 21 to provide a more complete picture as to what the actual policy in effect at the time of Plaintiff's termination. In addition, Pratt's prior policy on conflicts of interest, defense exhibit 20, is also relevant because it shows that the conflicts policy remained virtually unchanged as of the December 10, 1990 version.

Although the Plaintiff is not precise about the basis for excluding Exhibit 23, Pratt's Policy Guide on Discipline, this exhibit is plainly relevant to proving that Pratt did not maintain a policy that required progressive discipline consisting of verbal warning followed by written warning prior to termination, contrary to the assertions of the Plaintiff.

Defense exhibits 24 and 25, which consist of Pratt's policies regarding general rules of conduct and legal and ethical conduct, are also relevant in this matter. These documents are further evidence of the strict policies that Pratt requires of its employees and provide further support for its business decisions. Specifically, Pratt's policy on general rules of conduct, Exhibit 24, sets forth that theft of property is forbidden and cause for discipline and that these general rules of conduct apply to all of Pratt's employees. Pratt's policy on legal and ethical conduct, Exhibit 25, states that "employees shall be instructed to maintain the highest standards of ethics in dealing with suppliers" and also applies to all Pratt employees, including Plaintiff. Because these policies were in existence at the time of Plaintiff's misconduct and his termination, and they applied to him as a Pratt employee, they are relevant in Pratt's defense to show that it had legitimate and nondiscriminatory reasons for terminating Plaintiff for his misconduct.

Similarly, defense exhibits 26 and 27, Pratt's statements regarding the acceptance of gifts, gratuities or favors, are relevant in this matter because they dispute Plaintiff's claims that Pratt policies <u>permitted</u> his practice of accepting free food from an outside Cashier. Exhibit 26 consists of a letter sent to suppliers explaining Pratt's policy prohibiting the receipt of gifts or gratuities by employees. Exhibit 27 is a memorandum disseminated to Pratt employees attaching the letter that

-3-

Pratt sent to its suppliers. Specifically, exhibit 27 informed Pratt employees that company policy prohibited the solicitation or receipt of gifts or gratuities from <u>any</u> supplier and that noncompliance with Pratt's policy would be considered cause for immediate dismissal. These exhibits demonstrate that Plaintiff's assertions that his actions were permitted by Pratt are incorrect. For all these reasons, the court should deny Plaintiff's Motion in Limine and permit the introduction of defendant's exhibits 20-27.

### C. Plaintiff's personnel records regarding discipline and performance appraisals are relevant and should be admitted into evidence.

Pratt should not be precluded from offering into evidence exhibits 13 through 17 which detail Plaintiff's prior discipline history and performance appraisals. Throughout this litigation, and specifically in his opposition to summary judgment, Plaintiff has set forth that he was a dutiful and fully competent employee. He has relied extensively on his final performance appraisal prior to his termination and included it as an exhibit in his opposition to summary judgment. In anticipation that Plaintiff will attempt to portray himself as such at trial, Pratt is prepared to offer into evidence Plaintiff's prior discipline records as well as his other performance appraisals which rebut Plaintiff's assertion that he was at all times a perfect employee, fully competent and dutiful. To the extent that Plaintiff attempts to mischaracterize his employment history at Pratt, these documents will have further relevance and further impeachment use.

**D.   Plaintiff's prior discipline records and performance appraisals are not inadmissible hearsay because they fall within the business record exception to the hearsay rule.**

Plaintiff has also objected to defense exhibits 13 through 17 on the basis that they are inadmissible hearsay is also untenable. Contrary to Plaintiff's assertion, all of these exhibits are exceptions to the hearsay rule by rule 803(6) of the Federal Rules of Evidence, which applies to business records. To the extent necessary, Pratt will offer the testimony of its records custodian to authenticate these records as business records of Pratt & Whitney. Specifically, these records were kept in the regular course of Pratt's business as it keeps personnel files on all employees which include, among other things, complaints regarding employees, reports of discipline and employee performance appraisals. In any event, because Plaintiff received all of these documents and his signature appears on such documents, the authenticity of such documents can be established through the Plaintiff himself.

## IV. CONCLUSION

For the foregoing reasons, Pratt respectfully requests this Court to deny Plaintiff's Motion in Limine as to defense exhibits 23-27 and 13-17.

DEFENDANT, UNITED TECHNOLOGIES
CORP., PRATT & WHITNEY DIVISION

By _____
Albert Zakarian (ct04201)
Daniel A. Schwartz (ct 15823)
Day, Berry & Howard LLP
CityPlace I
Hartford, CT 06103
(860) 275-0100
(860) 273-0343 (fax)
*daschwartz@dbh.com*
Its Attorneys

### CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a copy of the foregoing was sent via facsimile and in-person hand-delivery on this date to:

Charles G. Parks, Jr., Esq.
Parks & Associates
160 Forest Street
Stamford, CT 06901

_____
Daniel A. Schwartz

-6-